UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MICHAEL BRACKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-CV-00256 |
| ) | |
| FARRIS INTERIOR INSTALLATION ) | |
| INC. d/b/a FARRIS CONSTRUCTION ) | |
| and DERRICK A. FARRIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff Michael Brackett ("Brackett" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit against defendant Farris Interior Installation, Inc. d/b/a Farris Construction ("FC"), and individual defendant Derrick A. Farris ("Farris") (collectively "Defendants") to recover overtime pay, liquidated

1

damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

## Parties

2.

Plaintiff worked for FC performing construction labor beginning in or about March, 2012, and continuing until his employment ended in or about August, 2012 (the "relevant period").

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, FC is a Georgia for-profit corporation and may be served with process through its registered agent, Derrick A. Farris, 1450 Lumpkin County Parkway, Dahlonega, Georgia 30533, located within this judicial district.

4.

Farris is a Georgia resident subject to service at Farris's principal place of business located at 2515 Hurt Bridge Road, Cumming, GA 30028, or at his address of 1450 Lumpkin County Parkway, Dahlonega, GA 30533, located within this judicial district.

## Jurisdiction and Venue

5.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

6.

Plaintiff was employed by FC in this judicial district, Defendants reside and do business in this judicial district, and venue is therefore proper in this Court.

7.

Plaintiff was an "employee" during his employment with FC as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

8.

FC was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

9.

FC was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

10.

At all times throughout the relevant period, Defendant Farris was in fact FC's Chief Executive Officer.

11.

At all times throughout the relevant period in this Complaint and thereafter, Defendant Farris was responsible for classification of Plaintiff's overtime status and for payment of Plaintiff's wages under the FLSA, and was a corporate officer with operational control of FC's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for FC's failure to pay overtime compensation to Plaintiff in violation of § 207 of the FLSA.

12.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during his employment with FC during the relevant period, and Plaintiff, in fact, engaged in insterstate work for FC by working on a project in Madison, Alabama during a portion of the relevant period.

13.

Plaintiff was covered by the maximum hours provisions of the FLSA throughout his employment with FC as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

14.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

**Facts Related To All Counts**

15.

FC suffered or permitted Plaintiff to work over forty hours in a work week on one or more occasions during the relevant period, but did not pay Plaintiff at

time and a half his applicable regular rate as defined by the FLSA for all hours worked over forty in a work week as required by the FLSA.

16.

As illustrative but non-exhaustive examples, on one or more occasions within the relevant period, FC did not pay Plaintiff for all of his hours worked over forty in a work week at time and a half his applicable regular rate as defined under the FLSA, i.e., his weekly pay divided by forty hours inclusive of all non-excludable compensation, including but not limited to his truck allowance and any other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

17.

Defendants were aware prior to and during the relevant period that the FLSA applied to Plaintiff during his work for FC.

18.

Upon information and belief, FC has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## Count 1: FLSA

19.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

20.

Plaintiff was a non-exempt employee under the FLSA throughout his work for FC during the relevant period.

21.

Despite being aware that the FLSA applied to Plaintiff, FC, and its corporate officer Farris, violated the FLSA by not paying Plaintiff overtime compensation at the rate of one and a half times his regular rate required by the FLSA for all hours worked over 40 during the relevant period, in addition to liquidated damages and pre-judgment interest for overtime not paid in each paycheck for the applicable pay period.

22.

Defendants failed to pay Plaintiff the overtime compensation owed to him under, and in the manner required by, the FLSA for all of his hours worked over

forty in a work week during the relevant period at the regular rate required under the FLSA.

23.

Defendants failed to supply Plaintiff with all tools of the trade required to perform his duties and, instead, required Plaintiff to incur out-of-pocket expenses to buy and maintain tools of the trade without reimbursement in violation of 29 C.F.R. §§531.3(d), 531-32(c), and WH Opinion Letter dated February 16, 2001. *See* 29 C.F.R. § 531.35.

24.

Plaintiff is entitled to a judgment awarding recovery of his back overtime pay at the rate of one and a half times his applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants finding a violation of the FLSA and awarding the following relief:

1. Order Defendants to pay Plaintiff his unpaid back overtime pay at time-and-a-half his applicable `rates for all hours worked over 40 in a work week

during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Order Defendants to pay Plaintiff his costs and attorney's fees; and

3. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 12th day of November, 2013.

/s/ C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
Tel: (404) 995-8808
Fax: (404) 995-8899
Email: ahead@friedbonder.com;
jgardner@friedbonder.com